UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- x

RAMON FLETCHER,

                                     Plaintiff,

                    -against-

THE CITY OF NEW YORK, DETECTIVE ANTONIO D.
SANTANA (tax # 933323), DETECTIVE CHRISTOPHE
GOODWIN (tax # 928405), DETECTIVE JELSON
GOYCO (tax # 926897), SERGEANT CLAUDIO
RAMIREZ (tax # 907114), DETECTIVE SEKOU
BOURNE (tax # 924971), DETECTIVE JOSEPH
FERNANDEZ (tax # 940098),

                                       Defendants.

------------------------------------------------------------------------- x

**FIRST AMENDED**
**COMPLAINT**

CV 13 5880 (JBW) (VMS)

Jury Trial Demanded

## PRELIMINARY STATEMENT

1.      Plaintiff is a 26 year-old man with no arrest history who has a bachelor's

degree from Brooklyn College.  Plaintiff brings this action against the City of New York and

several New York City Police Officers of Narcotics Borough Brooklyn North alleging that

defendants violated his rights under 42 U.S.C. § 1983 and the First, Fourth and Sixth

Amendments to the United States Constitution by falsely arresting him, using unreasonable force

on him, illegally entering and searching his home, denying him a fair trial and violating his right

to free speech.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and

such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth

and Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this

Court by 28 U.S.C. §§ 1331 and 1343.

3.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C.

§ 1391(b) and (c) because the City of New York is located in and subject to personal jurisdiction

in this District and because the incident in question occurred in this District.

## PARTIES

4.      Plaintiff is a resident of the State of New York, County of Kings.

5.      The City of New York is a municipal corporation organized under the

laws of the State of New York.

6.      The individual defendants are members of the New York City Police

Department ("NYPD").  The defendants were acting under color of state law and within the

scope of their employment as members of the NYPD at all relevant times herein.

## STATEMENT OF FACTS

7.      On February 25, 2011, at approximately 9:00 p.m., two of plaintiff's

friends, Anthony Camacho and Jamel Griffin, arrived at plaintiff's residence located at 579

Alabama Avenue in Brooklyn to record music in plaintiff's recording studio.

8.      Plaintiff answered the door and observed Detectives Antonio Santana and

Christophe Goodwin of Narcotics Borough Brooklyn North illegally enter his property and

approach Anthony Camacho and Jamel Griffin for the purpose of unlawfully stopping and

frisking them.

9.      Plaintiff told the defendants to leave his property.

10.     Detectives Santana and Goodwin refused to leave plaintiff's property and

uttered profanities at plaintiff.

11.     Detectives Santana and Goodwin and Sergeant Claudio Ramirez

handcuffed and searched plaintiff, Camacho and Griffin.

12.     Plaintiff told the defendants that they "weren't supposed to be doing this."

13.     In response, Detective Goodwin used profanity toward plaintiff, threw plaintiff against a wall, and punched plaintiff two or three times in his face.

14.     Other defendants responded to the scene and officers including Detectives Antonio Santana and Sekou Bourne entered and searched plaintiff's home without consent, a warrant or exigent circumstances.

15.     The defendants released Camacho and Griffin, placed plaintiff in a police vehicle and Detective Joseph Fernandez, knowing that plaintiff had been battered and falsely arrested, drove plaintiff around for approximately two hours.

16.     Eventually, plaintiff was taken to the 75th Precinct.

17.     In the 75th Precinct, Detective Sekou Bourne, acting in concert with the other defendants, falsely charged plaintiff with committing the offenses Resisting Arrest, Obstructing Governmental Administration and Disorderly Conduct.

18.     Plaintiff was eventually taken to Brooklyn Central Booking.

19.     While plaintiff was held in Brooklyn Central Booking, Detective Sekou Bourne, acting in concert with the other defendants, misrepresented to prosecutors that plaintiff had committed the offenses Resisting Arrest, Obstructing Governmental Administration and Disorderly Conduct.

20.     Defendant Bourne assisted in the creation of a criminal court complaint charging plaintiff with the aforesaid offenses.

21.      During plaintiff's arraignment on February 26, 2011, at approximately 10:00 p.m., the false criminal charges filed against plaintiff were adjourned in contemplation of dismissal.

3

22.      Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was incarcerated for approximately 24 hours and suffered a loss of liberty, emotional distress, fear, anxiety, sadness, embarrassment, humiliation, damage to his reputation, pain, swelling and bruising.  Moreover, plaintiff received a grade of "D" in his speech class at Brooklyn College because he was unable to e-mail an assignment to his professor while he was in defendants' custody.

## FIRST CLAIM

### (FALSE ARREST)

23.      Plaintiff repeats the foregoing allegations.

24.      At all relevant times, plaintiff did not commit a crime or violation.

25.      Despite plaintiff's innocence, the defendants arrested plaintiff.

26.      Plaintiff was conscious of his confinement, did not consent to his confinement and his confinement was not privileged.

27.      Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (UNREASONABLE FORCE)

28.      Plaintiff repeats the foregoing allegations.

29.      Defendants' use of force upon plaintiff was objectively unreasonable and caused plaintiff pain and injuries.

30.      Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force on him.

## THIRD CLAIM

### (ILLEGAL ENTRY AND SEARCH OF HOME)

31.     Plaintiff repeats the foregoing allegations.

32.     Defendants entered plaintiff's property and then entered and searched plaintiff's home without consent, a warrant or exigent circumstances.

33.     Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for illegally entering his property and illegally entering and searching his home.

## FOURTH CLAIM

### (DENIAL OF A FAIR TRIAL)

34.     Plaintiff repeats the foregoing allegations.

35.     Defendants maliciously misrepresented to prosecutors that plaintiff had committed various crimes.

36.     Defendants' misrepresentations deprived plaintiff of liberty.

37.     Accordingly, the defendants are liable to plaintiff under the Sixth Amendment for denying him a fair trial.

## FIFTH CLAIM

### (VIOLATION OF RIGHT TO FREE SPEECH)

38.     Plaintiff repeats the foregoing allegations.

39.     Plaintiff exercised free speech during the incident.

40.     Plaintiff's use of free speech was a motivating factor in defendants' decisions to violate his civil rights.

41.     Accordingly, the defendants are liable to plaintiff under the First Amendment for violating his right to free speech.

## SIXTH CLAIM

### (FAILURE TO INTERVENE)

42.     Plaintiff repeats the foregoing allegations.

43.     Defendants had a reasonable opportunity to prevent the violations of

plaintiff's constitutional rights, but they failed to intervene.

44.     Accordingly, the defendants are liable to plaintiff under the First, Fourth

and Sixth Amendments for failing to intervene to prevent the violation of plaintiff's

constitutional rights.

## SEVENTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

45.     Plaintiff repeats the foregoing allegations.

46.     The City of New York is a "person" within the meaning of 42 U.S.C. §

1983.

47.     The City of New York, through a policy, practice or custom, directly

caused the constitutional violations suffered by plaintiff.

48.     Upon information and belief, the City of New York, at all relevant times,

was aware that the defendants and other members of the NYPD are unfit officers who have

previously committed acts similar to those alleged herein, have a propensity for unconstitutional

conduct and/or have been inadequately trained.

49.     At least one federal court has recognized that there is widespread

falsification by members of the NYPD.  In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9

(JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the court stated that an "[in]formal

inquiry by the court and among the judges of this court, as well as knowledge of cases in other

federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by

arresting police officers of the New York City Police Department."

50. Another federal court held in *Floyd v. City of New York*, 08 Civ. 1034

(S.D.N.Y. May 16, 2012) that the City of New York's and the NYPD's "cavalier attitude

towards the prospect of a 'widespread practice of suspicionless stops' displays a deeply troubling

apathy towards New Yorkers' most fundamental constitutional rights."

51. Despite the above, the City exercised deliberate indifference by failing to

take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor

the defendants and other officers like them.

52. The City's failure to act resulted in the violation of plaintiff's

constitutional rights as described herein.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and

severally against the defendants:

        a.      Compensatory damages in an amount to be determined by a jury;

        b.      Punitive damages in an amount to be determined by a jury;

        c.      Attorney's fees and costs;

        d.      Such other and further relief as the Court may deem just and proper.

DATED:     February 12, 2014

                      /s/

_____

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391
richcardinale@gmail.com (not for service)